Dilkes *v.* Browning and al.

## DILKES v. BROWNING AND AL.

The affidavit required by the statute to entitle the party to an appeal, should not be indorsed on the back of the bond, but should be on a separate paper. And the affidavit and bond should be distinct instruments, for the one gives jurisdiction to the court, the other is a security to the party.

This was a *certiorari* directed to the Court of Common Pleas of Gloucester county.

*R. L. Armstrong*, for plaintiff.

*J. Wilson, contra,* cited 1 *Green,* 324, 2 *Id.* 117, *and* 3 *Id.* 20.

PER CURIAM. The first objection is, that the affidavit necessary to entitle the party to an appeal, instead of being on a separate paper, so as to constitute a distinct file of the court, is written on the back of the appeal bond, in such a manner, that the one cannot be separated from the other, if there should be occasion to use either of them in another court.

It is true the court have several times expressed their opinion against such a practice, and throw out intimations, that appeals founded on such affidavits, would not be sustained. This affidavit however, was made in March 1835, and before the case in 3 *Green,* was reported. We will not, therefore, reverse the proceedings of the Court of Common Pleas, on that ground.

But it is objected 2dly, that the affidavit itself is defective and insufficient; not being entitled in any suit, nor showing upon the face of it, in what cause the appeal is to be prosecuted.

The affidavit is as follows; "GLOUCESTER COUNTY, ss. Personally appeared before me, &c. the *within named,* Eli Browning, &c., and being both by me duly affirmed, &c., do say that *this* appeal, is not intended, &c."

We cannot say, that this affirmation is not sufficient, when read in connection with the bond, on which it is written, for by reference to the contents of the bond, we learn who the parties are, and *what* appeal is spoken of in the affirmation. But then this commingling of two distinct instruments, one of which is intended to be a security to the party, and the other to give jurisdiction to the court, is irregular and ought not to be countenanced. Each of these documents, whether written, one on the back of the other, or on distinct pieces of paper, should be perfect in themselves,—not depending for their meaning, on a reference to each other. We think therefore the appeal was improperly entertained by the Court of Common Pleas, and that the judgment must be reversed.

*Judgment Reversed.*

CITED in *Yard v. Bodine,* 491–492.